FIRST NATIONAL BANK OF CINCINNATI, Exr.

v.

DEVLIN, Appellant; Hospice of Miami Valley, Inc. et al., Appellees; Layer et al.

[Cite as *First Natl. Bank of Cincinnati v. Devlin* (1989), 63 Ohio App.3d 708.]

Court of Appeals of Ohio,
Warren County.

No. CA88–02–009.

Decided Aug. 7, 1989.

*Manley, Burke & Fischer, Robert E. Manley* and *Andrew S. Lipton*, for defendant-appellant Kim Hose Devlin.

*Millikin & Fitton Law Firm, James E. Michael* and *Gregory E. Hall*, for defendant-appellee Hospice of Miami Valley, Inc.

*Marchal & Marchal* and *John F. Marchal,* for defendant-appellee Hospice of Darke County, Ohio.

*Murray & Murray Co., L.P.A.,* and *W. Patrick Murray,* for defendant-appellee Stein Hospice Service of Sandusky, Ohio.

---

*Per Curiam.*

This is an appeal from a judgment of the Warren County Court of Common Pleas, Probate Division.

The trial court, in its decision journalized January 19, 1988, denied defendant-appellant Kim Hose Devlin's motion for summary judgment and granted the motions for summary judgment on behalf of intervening defendants-appellees, Hospice of Darke County, Ohio, Hospice of Miami Valley, Inc., and Stein Hospice Service of Sandusky, Ohio. The court in its judgment entry said:

"The court based upon its order of June 9, 1986 and based upon its order contained herein finds for the defendants hospices herein and against all other defendants herein and further finds that there is no just reason for delay in entering a final judgment."

Devlin has timely filed her notice of appeal bringing the case before this court.

The testator, Selma F. Hose, died testate on March 7, 1983. Her death was caused by "respiratory arrest due to or as a consequence of chronic obstructive lung disease" as stated on her death certificate. On November 13, 1985, the First National Bank of Cincinnati, as executor of her will, filed a complaint in the trial court naming as defendants Kim Hose Devlin (who is the daughter of Selma F. Hose), other legatees and devisees, and other entities claiming to have an interest in the will. First National Bank alleged that it was "[i]n doubt as to the true construction of Item V of the will dated January 18, 1982" and could not "safely proceed without the direction of the court."

Item V of the will provides as follows:

"All the rest and residue of my real estate personal and mixed of every kind and description and wheresoever situate which I may own or have the right to dispose of at the time of my death shall be distributed by my executor within six months after the final approval of both the Federal and Ohio State Estate Tax Returns for *the benefit of hospices in small towns excluding Lebanon, Ohio devoted primarily to the care of patients terminally ill with chronic obstructive pulmonary disease particularly emphysema* selected by my executor. Any facilities purchased or constructed with funds received from my estate shall be named in honor of my late husband, H.C. Hose. Before

distributing the residue of my estate, either in whole or part, my executor shall consult with and obtain the written consent of Sam Pyland, Jr. to such distribution provided he is living and competent. I direct Sam Pyland, Jr. be indemnified for any expenses incurred while assisting my executor in the selection of the hospices described above." (Emphasis added.)

After the filing of the complaint, numerous hospices and organizations devoted to the care of patients with lung disease moved to intervene. The court granted all such motions which were timely filed. After numerous pretrial memoranda from the parties, the court entered a judgment entry on June 6, 1986 which provided that: "The court finds that Item V of the Last Will and Testament of Selma F. Hose, deceased, is unambiguous to the extent that it clearly limits potential beneficiaries of the residuary of the estate to 'hospices' and accordingly excludes non-hospices from the class of beneficiaries intended by the decedent." In an attempt to find qualified beneficiaries under Item V of the will, the executor wrote to numerous hospices, associations and individuals and officials seeking to establish qualifications that could be used to determine the identity of proper applicant/beneficiaries. The executor, after reviewing a substantial volume of information, chose three hospices that most closely met the provisions of the will. These hospices were Hospice of Darke County, Hospice of Miami Valley and Stein Hospice. The court approved the recommendations of the executor by entry dated June 11, 1987.

Thereafter, in July 1987, the three selected hospices each moved for summary judgment. On August 20, 1987, Devlin filed a memorandum in opposition to the motions for summary judgment and on August 31, 1987, she filed a motion for summary judgment of her own. During this same time frame, several other hospices not selected as beneficiaries filed memoranda opposing First National's motion to approve distribution which, as previously noted, the court approved. In a written decision dated October 15, 1987, the trial court granted the motion for summary judgment of the three selected hospices. As has already been noted, however, this decision was not reduced to a judgment entry until January 19, 1988. In its decision, the court reasoned that the testatrix expressed a general charitable intent and that the doctrine of *cy-pres* and/or deviation should apply. The court also found that the testatrix did not intend to benefit her daughter in that the will and codicil had to be construed together.

Devlin, for her sole assignment of error, asserts that "[t]he trial court erred in denying * * * [her] motion for summary judgment and granting the motions for summary judgment of the hospices defendants." For her first issue presented for review, Devlin argues: "It is impossible to carry out the

specific terms of Item V of decedent's will because there is no hospice devoted primarily to the care of COPD patients." The trial court in its decision referred to above said:

"It is the further judgment of the court that Selma F. Hose under the provisions of Item V of her Last Will and Testament intended to benefit hospices in the state of Ohio and that the testatrix clearly expressed a general charitable intent which the court must fulfill as stated in her Last Will and Testament and/or by the application of the doctrine of *cy-pres* and/or deviation if no hospice or hospices meet the criteria set forth by decedent's Last Will and Testament."

The court went on in its decision to find: "The court further finds that the decedent did not intend her daughter to share in her residuary estate and no alternative beneficiary was named. The court must infer that the decedent did not intend her gift to charity to fail and therefore the doctrine of *cy-pres* and/or deviation should be allowed." Coming first to the question of whether it is possible to carry out the specific terms or purpose of Item V of decedent's will, we must look to the record made in the trial court by way of various affidavits and exhibits to determine whether any of the three hospices qualified as institutions "devoted primarily to the care of patients terminally ill with chronic obstructive pulmonary disease particularly emphysema * * *."

The affidavit of Bettina Ross, a trust officer with First National, and the exhibits attached thereto demonstrate that the proposal form furnished by the Hospice of Darke County indicated it served a population of 68,596, was established in 1981 and planned to use the funds to purchase equipment, construct a facility and cover operating income. It treated a total of approximately one hundred sixty-seven patients in the last five years. Out of that number it treated one hundred fifty-five patients for cancer, six for COPD (five for emphysema, which for the purposes of this decision we will conclude to be a form of COPD) and nine for other degenerative diseases.

The proposal furnished by Stein Hospice indicated that it served a population of 124,490, was established in 1981 and planned to use the funds to purchase or build a new facility. It treated a total of four hundred five patients in the last five years. Out of that number, it treated three hundred ninety-six for cancer, seventy-three for COPD or lung cancer (one for emphysema) and nine for other diseases.

The form furnished by Hospice of Miami Valley indicated that it served a population of 138,050, was established in 1981 and planned to use the funds to purchase or build a new facility. Out of two hundred twenty patients in the last three years, two hundred eleven were treated for cancer, twenty-four for COPD (nine for emphysema) and nine for other diseases.

Devlin filed the affidavit of Ronald H. Fagleman, M.D. in opposition to the motions of the hospices for summary judgment which stated in part:

"Chronic obstructive pulmonary disease (COPD) is a specific disease definable by definite pathological state. COPD involves clear cut pathological changes in the lung involving different ratios of vascular obliteration and alveolar destruction. COPD is neither a precurser to lung cancer nor always associated with lung cancer. A patient can have lung cancer and no pulmonary insufficiency or have pulmonary insufficiency that is not COPD[.] * * * [E]ven where a patient has both lung cancer and COPD treatment and care must be devoted primarily to the cancer. Hospices primarily care for terminally ill cancer patients. Patients with long-standing COPD are frequently able to manage at home by themselves for years because they need only nasal oxygen. Therefore, the care that hospices have to offer the terminally ill is generally not suited to COPD patients. The affidavit of Anne Vought, the assistant administrator of Stein Hospice in Sandusky, Ohio, contains a medically incorrect opinion of an unqualified lay person. The statement that lung cancer always involves a secondary diagnosis of COPD and emphysema is clearly wrong and self-serving. A large number of lung cancer patients have neither abnormal lung functions nor COPD or emphysema."

Devlin, in a summary derived from the statistics just referred to, argues in her brief to this court that the following percentages of COPD or emphysema patients were treated: Hospice of Darke County, .066 percent; Stein Hospice, .022 percent; and Hospice of Miami Valley, .15 percent. She contends that these numbers establish that the hospices approved by the trial court, like other hospices, are not primarily devoted to the care of COPD or emphysema patients. Therefore, they do not satisfy the specific terms of Item V.

The trial court in its judgment entry found "there is no genuine issue as to any material fact." Civ.R. 56(C) provides in part as follows:

"A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * * "

The trial court's judgment entry reads in part as follows:

"The court finds from the pleadings, affidavits and other documents filed herein that as to the motions of Hospice of Miami Valley, Inc., Hospice of Darke County, Inc. and Stein Hospice Service of Sandusky, Ohio, there is no genuine issue as to any material fact; that the decedent, Selma F. Hose, under the provisions of Item V of her Last Will and Testament intended to benefit hospices in the state of Ohio, that said testatrix clearly expressed a general

charitable intent which the court must fulfill, that therefore the defendant, Kim Hose Devlin, is not a beneficiary under Item V of the Last Will and Testament of Selma F. Hose, that neither the defendant, Kim Hose Devlin, or any other next of kin of Selma F. Hose is entitled to any distribution from the residuary estate, that the Mortmain Statute does not apply and that if no hospice or hospices met the criteria set forth in Item V of decedent's Last Will and Testament, the doctrine of *cy-pres* and/or deviation should be applied by the court to allow the general charitable intent of the testatrix to be fulfilled. The court further finds that the motion of Kim Hose Devlin for summary judgment should be denied and that the motions of defendant Hospice of Miami Valley, Inc., Hospice of Darke County, Ohio, Inc. and Stein Hospice Service of Sandusky, Ohio, should be granted. It is therefore ordered that the motion of Kim Hose Devlin for summary judgment be and is hereby overruled and denied.

"It is further ordered that the motions for summary judgment of the defendants, Hospice of Miami Valley, Inc., Hospice of Darke County, Ohio, Inc. and Stein Hospice Service of Sandusky, Ohio, be and they are hereby granted."

Counsel for Hospice of Darke County, in response to the first issue raised by Devlin, argues that there was a genuine issue as to a material fact as to whether the record before the trial court would support a ruling for summary judgment in favor of Devlin. He refers specifically to the affidavit of Vought whose affidavit was supplied in support of Stein Hospice's motion and the affidavit of Fagleman in opposition to the motion. We agree. Our reading of these two affidavits establishes a clear conflict and indeed creates genuine issues of material fact. The trial court erred in granting the motions of the hospices for summary judgment. It would be premature to determine the application of the *cy-pres* or deviation doctrines when the issue as to the qualification or lack of qualification of the hospices under the terms of the will is still an open question. We will not speculate on how that issue will be decided by the trial court on the merits.

Devlin's motion for summary judgment is grounded on the notion that Item V of the will has failed. At this stage of the proceeding, that motion lacks merit and was correctly overruled.

The assignment of error is sustained in part and overruled in part.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed in part and

reversed in part and this cause is remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

HENDRICKSON, P.J., KOEHLER and LYLE W. CASTLE, JJ., concur.

LYLE W. CASTLE, J., retired, of the Twelfth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.